Kenneth P. COFFEY, M.D., Plaintiff,

David High, Real Party in Interest–Appellant,

v.

HEALTHTRUST, INC., a Delaware corporation, Edmond Memorial Hospital, Inc., an Oklahoma corporation, Joel A. Hart, McKinley D. Moore, James E. Dalton, Jr., Charles R. Brown, and Larry K. Killebrew, M.D., individuals, Defendants–Appellees.

No. 92–6202.

United States Court of Appeals, Tenth Circuit.

Aug. 3, 1993.

---

William J. Skepnek, Stevens, Brand, Golden, Winter & Skepnek, Lawrence, KS (William R. Burkett and Steven L. Tolson, with him on briefs, Hall, Estill, Hardwick, Gable, Golden & Nelson, Oklahoma City, OK, with him on briefs), for plaintiff-appellant.

Douglas Colton, Verner, Liipfert, Bernhard, McPherson & Hand, Washington, DC (Don C. Lewis, Verner, Liipfert, Bernhard, McPherson & Hand, Washington, DC, Darrell W. Downs, Susan A. Short, and Glen D. Huff, Foliart, Huff, Ottaway & Caldwell, Oklahoma City, OK, George F. Short, Cynthia L. Sparling and Kevin Driskill, Short, Barnes, Wiggins, Margo & Adler, Oklahoma

City, OK, with him on the briefs), for defendants-appellees.

Before LOGAN, Circuit Judge, RONEY, Senior Circuit Judge,* and SEYMOUR, Circuit Judge.

RONEY, Senior Circuit Judge:

This is an appeal of an order entering Rule 11 sanctions against plaintiff's attorney for filing with the district court an economic study and an accompanying brief which the district court held purposely misconstrued the effect of that study. The district court imposed a sanction of $10,000 to be paid personally by the attorney to defendants under Rule 11 of the Federal Rules of Civil Procedure, finding that the filing was a knowing filing of a false and misleading pleading because the attorney knew that the study's authors thought the study did not help the plaintiff's position. Because the claimed effect of the study was supported by the simultaneous filing of an affidavit of an expert, the attorney's filing did not meet the requirements of Rule 11 for sanctions. We, therefore, reverse.

This is an antitrust suit. David High represented Kenneth Coffey, a radiologist, the plaintiff, whose case against Edmond Memorial Hospital rested in large part on the contention that the City of Edmond, Oklahoma, constituted the relevant market of the hospital. Edmond Memorial is the only hospital in Edmond, which is near Oklahoma City. Dr. Coffey was excluded from treating patients at Edmond Memorial when it entered into an exclusive radiology contract with another doctor. Defendants moved for summary judgment. An issue on the summary judgment was the market power of the hospital. Plaintiff submitted the deposition of Dr. James Freeland Horrell, an expert economist, who testified that, in his opinion, the relevant geographic market for Edmond Hospital was the area encompassed within the corporate limits of Edmond. Since Edmond Hospital was the only hospital in that area, Dr. Freeland concluded it would, of course, have market power within that geographic area. Defendants submitted contradictory evidence. Following the parties' submissions, the district court entered an order on June 6, 1990, announcing its intention to take judicial notice of certain facts which would support a ruling as a matter of law that Edmond Memorial enjoys no market power in the relevant geographic market because of the distance between the center of Edmond and eight Oklahoma City hospitals.

After the order, Attorney High came into possession of and submitted to the court as newly discovered evidence the study which is the focal point of this Rule 11 proceeding. The study was conducted by Health Care Investment Analysts, Inc., which compared costs of health care in competitive and noncompetitive markets. The study considered urban and suburban hospitals to be in the same market if they were within five miles of each other. High attached an affidavit of Dr. Horrell stating that the study supported High's position that the hospital did not have competitors within its geographic market.

In connection with its motion for sanctions against High, pursuant to Federal Rule of Civil Procedure 11, the Hospital presented affidavits of Health Care Investment Analysts officials stating that they had told High that his intended use of the study would be misguided because the market definition used in the study was chosen arbitrarily and did not support his position as to the relevant geographic area. At the Rule 11 hearing, High testified that he had not been so informed.

The district court imposed sanctions. On appeal, this court vacated and remanded because it could not tell whether the district court had imposed sanctions based on High's filing of the supplemental pleading or for having testified falsely. *Coffey v. Healthtrust,* 955 F.2d 1388 (10th Cir.1992).

On remand, the district court again imposed sanctions stating that they were imposed because of High's knowing filing of a false and misleading supplemental pleading. The court answered the question posed by

---

* Honorable Paul H. Roney, Senior United States Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation.

the remand order when it stated that it relied on the fact that High testified falsely simply to support its finding that High knew the supplemental pleading was false and misleading when it was filed.

The question then is whether what High filed violated Rule 11. Since High's false testimony is a matter dealt with under different rules, the Rule 11 issue is no different than if High had truthfully testified that he had been told by the authors of the study that it did not support his position, but purposely did not reveal that to the court. Although imposition of Rule 11 sanctions is subject to an abuse of discretion standard of review, *Cooter & Gell v. Hartmarx Co.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), this is an evolving area of the law, and it is difficult for a district court to predict accurately the development of the law in light of the various decisions that are being made. We hold, however, that it is not a violation of Rule 11 to fail to disclose a contrary expert opinion. Further, while lying at a Rule 11 hearing may be a disciplinary problem, it is not a subject for Rule 11 sanctions.

Rule 11 sanctions serve to punish a knowing filing of a false and misleading pleading. It ensures that an attorney observes his duty as an officer of the court, as well as an advocate for his client. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1335 (2d ed. 1990). Rule 11 requires that the pleading be, to the best of the signer's knowledge, well grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose. Fed.R.Civ.P. 11. The attorney has an affirmative duty to inquire into the facts and law before filing a pleading. His inquiry must be reasonable under the circumstances. *Business Guides, Inc. v. Chromatic Comm. Enterprises, Inc.*, 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). There would seem to be little question that had High not known the view of the authors of the study, or the view of any other expert, the filing of the study with Dr. Horrell's affidavit would not have been a violation of Rule 11.

In a case such as this, where the attorney does not have the necessary knowledge, involvement of the specialized knowledge of an expert is necessary. The attorney relies on the expert to explain to the judge or jury what is not within his or her realm of knowledge. There would seem to be no problem for the attorney to rely on the expert's opinion as the basis of his client's position. As long as reliance is reasonable under the circumstances, the court must allow parties and their attorneys to rely on their experts without fear of punishment for any errors in judgment made by the expert. This case then boils down to whether the attorney, knowing of a differing opinion of another expert, must reveal that opinion to the court in order to avoid a Rule 11 sanction.

In light of Dr. Horrell's affidavit and later testimony, High's reliance was reasonable under the circumstances. Dr. Horrell swore in his affidavit submitted with the study that the study supported High's position. Further, Horrell had been accepted as an expert by the trial court. Finally, Horrell testified at the Rule 11 hearing that, even when presented with the contradictory conclusion of the author of the study, his conclusion would not change. Given Horrell's unwavering belief that the study supported his conclusions, the level of his expertise, and the trial court's acceptance of him as an expert, reliance on his conclusions by the attorney is reasonable even in light of contradictory expert conclusions.

As to the argument that High violated the Rule by failing to disclose that other experts, those who made the study, disagreed with Horrell's conclusion, we find that failure to disclose such evidence to the court is not sanctionable under Rule 11. We agree with the Third Circuit that conflict of opinion alone is an insufficient basis for Rule 11 sanctions. *Schering Corp. v. Vitarine Pharmaceuticals, Inc.*, 889 F.2d 490, 499 (3d Cir.1989). It is the obligation of counsel opposing the value of evidence, not the proponent, to expose weakness in evidence upon

which an attorney relies for the filing of pleadings, motions and other papers.

**REVERSED.**