# United States Court of Appeals

## For the First Circuit

No. 98-2364

ROLAND C. DUBOIS,

Plaintiff, Appellant,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE,
MICHAEL ESPY, Secretary of the USDA, F. DALE ROBERTSON, Chief,
USDA Forest Service, FLOYD J. MARITA, Regional Forester, Eastern
Region, USDA Forest Service, RICK D. CABLES, Forest Supervisor,
White Mountain National Forest,

Defendants, Appellees,

RESTORE THE NORTH WOODS,

Intervenor, Plaintiff,

LOON MOUNTAIN RECREATION CORPORATION,

Intervenor, Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Torruella, Circuit Judge,

Selya, Circuit Judge,

and Lisi,* District Judge.

_____

* Of the District of Rhode Island, sitting by designation.

       Roland C. Dubois, pro se.
       Katherine W. Hazard, Attorney, U.S. Department of Justice, with
whom John Cruden, Acting Assistant Attorney General, David C. Shilton,
Andrea L. Berlowe, Attorneys, U.S. Department of Justice,  and Wendy
John, Office of General Counsel, U.S. Department of Agriculture, were
on brief, for appellees.

November 2, 2001

**TORRUELLA, Circuit Judge.** Appellant Roland Dubois filed suit against the United States Forest Service ("Forest Service") alleging, inter alia, violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, et seq., and the Clean Water Act ("CWA"), 33 U.S.C. § 1251, et seq. The district court rejected Dubois' claims and granted summary judgment for the Forest Service. On appeal, this Court reversed that ruling and directed the district court to enter summary judgment in Dubois' favor. On remand, Dubois sought to compel the Forest Service to reimburse him for attorney's fees and costs. The district court denied his motion for fees, and granted, in part, his motion for costs. Dubois now appeals the decision denying him attorney's fees. Because we conclude that the district court did not abuse its discretion in denying Dubois' motion for attorney's fees, we affirm.

## BACKGROUND

Loon Mountain Recreation Corporation ("Loon Corp.") operates a ski resort in Lincoln, New Hampshire. Because part of its resort lies within the White Mountain National Forest, Loon Corp. is required to have a special-use permit issued by the Forest Service.[1] In 1986, Loon Corp. applied to the Forest Service for an amendment to its permit to allow expansion of its operations. In response to this request and

---

[1] The Forest Service is an organization within the United States Department of Agriculture. This opinion refers to both institutions collectively as "the Forest Service."

pursuant to NEPA, 42 U.S.C. § 4332, the Forest Service issued a draft Environmental Impact Statement ("EIS"), a supplement to the draft EIS, and a final EIS. Finally, in 1993, the Forest Service issued a Record of Decision ("ROD") approving a revised version of Loon Corp.'s expansion plan.

The revised permit allowed Loon Corp. to increase the amount of water it used for snowmaking, from 67 million gallons per year to 138 million gallons. The bulk of the increased water supply was to be drawn from Loon Pond - a rare high-altitude pond within the White Mountain National Forest that is also a municipal water supply for the Town of Lincoln. In addition, Loon Corp. was authorized to draw the pond down by as much as fifteen feet for snowmaking.

After pursuing administrative appeals, Dubois filed this action on May 13, 1994. Dubois alleged, inter alia, that the Forest Service violated NEPA by failing to adequately explore reasonable alternatives to using Loon Pond as a primary source of snowmaking water. More specifically, he faulted the Forest Service for its failure to consider proposals to construct water holding ponds at the Loon Mountain ski area.

Contending that these proposals were unreasonable and patently preposterous, the Forest Service responded that it was under no legal obligation to consider them. In addition, the government stated that it did not seriously consider other types of storage ponds

-4-

because "the sheer enormity of constructing comparable water storage facilities above or below ground at the base of [Loon Mountain] was a practical impossibility."  (Def.'s Mem. Opp. Summ. J. at 30-31).

Contemporaneous with its assertions that constructing storage ponds at Loon would be a "practical impossibility," different Forest Service personnel were authorizing the construction of even larger ponds in a different national forest (at the nearby Sugarbush ski area).  Upon learning of these construction plans, Dubois filed a reply brief in district court.  In it, he argued that the Sugarbush construction plan proved that the Forest Service's claims regarding the infeasibility of building large holding ponds were false.

On November 2, 1995, the district court issued a Memorandum and Order rejecting Dubois' argument and granting summary judgment for the Forest Service.  See Dubois v. United States Dep't of Agric., No. 95-50, slip op. at 53 (D.N.H. Nov. 2, 1995).  On appeal, however, this Court reversed the order and directed the district court to enter summary judgment in Dubois' favor.  See Dubois v. United States Dep't of Agric., 102 F.3d 1273, 1301 (1st Cir. 1996). We held, inter alia, that the Forest Service violated NEPA because it had failed to adequately consider the possibility of building on-site storage ponds as an alternative to using Loon Pond as a water source for snowmaking. Id. at 1289-90.

On remand to the district court, Dubois successfully sought an injunction prohibiting the construction of Loon Corp.'s expanded ski area. Dubois also filed a motion for attorney's fees. He argued that the Forest Service's litigation position in this case - claiming that artificial storage ponds at Loon Mountain were a "practical impossibility," while at the same time authorizing their construction nearby - was vexatious. Unpersuaded by Dubois' arguments, the district court denied his motion. See Dubois, No. 95-50, slip op. at 1 (D.N.H. July 17, 1998).[2]

## STANDARD OF REVIEW

We review a district court's refusal to use its inherent power to impose attorney's fees for an abuse of discretion. Chambers v. NASCO, Inc., 501 U.S. 32, 55 (1991). In so doing, we recognize that when determining whether sanctions are warranted, "the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 402 (1990). We also note that this circuit accords "extraordinary deference" to a district court's decision to deny sanctions. Lichtenstein v. Consolidated Servs. Group, Inc., 173 F.3d 17, 22 (1st Cir. 1999).

---

[2] Pursuant to Federal Rules of Civil Procedure 52(b) and 59(e), Dubois moved to reconsider the July 17, 1998 Order denying attorney's fees. The district court also denied that motion. See Dubois, No. 95-50, slip op. at 3 (D.N.H. Dec. 10, 1998).

## DISCUSSION

The "American Rule" on fee-shifting generally prohibits the prevailing party from collecting attorney's fees from the losing party. See Alyeska Pipeline Serv. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). One exception to the "American Rule," however, allows a district court to award attorney's fees to a prevailing party when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers, 501 U.S. at 33. To invoke this exception under a claim of "vexatious" conduct, the moving party must demonstrate that the losing party's actions were "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Local 285 v. Nonotuck Resource Assocs., 64 F.3d 735, 737 (1st Cir. 1995).

Because of its potency, however, a "court's inherent power to shift attorney's fees 'should be used sparingly and reserved for egregious circumstances.'" Whitney Bros. Co. v. Sprafkin, 60 F.3d 8, 13 (1st Cir. 1995) (quoting Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993)). Thus, the power to sanction must be used with great circumspection and restraint, employed only in compelling situations.

In the instant case, Dubois claims that the district court erred in failing to award him attorney's fees for the vexatious conduct

of the Forest Service.[3] More specifically, Dubois argues that the district court erred in (1) requiring a finding of subjective bad faith as a prerequisite for awarding attorney's fees; (2) not inquiring into whether the Forest Service should have had better methods of communication in place; and (3) failing to consider whether the litigants for the Forest Service conducted a reasonable inquiry into the facts.[4] Because we are unpersuaded by these arguments, we conclude that the district court properly acted within its discretion in refusing to award attorney's fees.

First, Dubois argues that the district court erred in its analysis by requiring a finding of subjective bad faith as a necessary precondition to an award of sanctions. To support this claim, Dubois

---

[3] Dubois also attempted to recover attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which allows a prevailing party to recover attorney's fees in a suit brought against the government. The district court rejected this claim, ruling that a pro se attorney litigant cannot recover attorney's fees under the EAJA. Cf. Aronson v. United States Dep't of Hous. and Urban Dev., 866 F.2d 1, 4-6 (1st Cir. 1989) (holding that pro se attorney litigants cannot recover fees under the Freedom of Information Act). Dubois does not appeal this ruling.

[4] Though the Forest Service claims that it did not make a false statement concerning the feasibility of constructing water storage ponds, we find this argument unpersuasive. The district court found that "the government offers no justification for [its] failure to consider . . . water-storage ponds. Nor does the government attempt to justify its own subsequent litigation position that the Forest Service did not consider such ponds because their construction was a 'practical impossibility.'" Dubois, No. 95-90, slip op. at 21 (D.N.H. July 17, 1998). In deference to the district court's findings, our analysis assumes that the Forest Service's statement was false.

points to language in the district court's ruling that allegedly required him to show that the Forest Service's false statement was made "for reasons of harassment or delay or other improper purposes." Dubois, No. 95-50, slip op. at 14 (D.N.H. July 17, 1998).

Though we agree with Dubois that a finding of subjective bad faith is not a prerequisite to an award of sanctions, Local 285, 64 F.3d at 737, we disagree with his characterization of the district court's analysis. Despite the language Dubois quotes, the district court did, in fact, assess whether it was objectively reasonable for the Forest Service to have been unfamiliar with the water storage ponds at Sugarbush. In particular, the district court carefully analyzed whether the Forest Service and government counsel knew or should have known of the Sugarbush proposal. Dubois, No. 95-50, slip op. at 12-13 (D.N.H. July 17, 1998). The court concluded, "I reject Dubois' bid for sanctions because he has failed to establish that either the Forest Service personnel responsible for evaluating Loon's expansion plan or government counsel knew or had reason to know of the proposed water-storage ponds at Sugarbush." Id. at 12.

Though we are troubled by the language that Dubois quotes from the court's order, we are convinced that the district court denied sanctions because it concluded that the Forest Service's conduct was not unreasonable.

Second, Dubois argues that the district court erred in failing to inquire whether the Forest Service should have had better methods of communication in place. Dubois suggests that had the district court conducted this inquiry, it would have found the Forest Service's communication system to be inadequate. The district court then would have concluded that the Forest Service was to blame for its own ignorance of the Sugarbush proposal, since a party should not be able to avoid sanctions because its own communications network hindered the flow of relevant information.

Dubois failed to raise this issue with the district court in his motion for attorney's fees or in his motion to alter or amend judgment. It is a "bedrock rule that when a party has not presented an argument to the district court, she may not unveil it in the court of appeals." United States v. Slade, 980 F.2d 27, 30 (1st Cir. 1992). Dubois has offered no reason to justify a deviation from this well-established practice.

Moreover, though Dubois did not raise the issue below, the district court implicitly considered the adequacy of the Forest Service's communication system. The district court was aware that the Forest Service did not have an effective mechanism for exchanging information about ski proposals among the national forests.[5] The court

_____

[5] Dubois also disputes the district court's finding that the Forest Service had no effective communication system between the national forests. He argues that the court ignored the role of the Forest

-10-

also noted, however, that the Forest Service improved its channels of communication in January 1996 by creating the Eastern Region Winter Sports Team.  Thus, implicit in the court's decision to deny sanctions was a finding that the Forest Service did not behave egregiously by failing to improve its channels of communication sooner.  As a result, we now explicitly reject the argument that the district court implicitly discredited.

Lastly, Dubois faults the district court for failing to consider whether the litigators for the Forest Service conducted a reasonable inquiry into the facts.  He argues that the government's attorneys had a responsibility to investigate their client's claims of "practical impossibility" and to inquire of each Forest Service unit as to whether snowmaking ponds were in place at Loon Mountain or nearby.

Again, Dubois failed to argue or to present evidence to the district court that government counsel behaved improperly by not investigating their client's claims further.  Since he did not raise this issue with the district court, Dubois cannot unveil it for the first time in the court of appeals.  Slade, 980 F.2d at 30.

Service's Eastern Regional Office, which has personnel that should have known of the Sugarbush proposal.  When Dubois raised this issue for the first time in his motion to alter or amend judgment, the district court rejected the argument because it was based on evidence that Dubois failed to offer in a timely manner.  See Dubois, No. 95-50, slip op. at 2-3 (D.N.H. Dec. 10, 1998).  Instead of challenging the district court's refusal to consider the untimely evidence on appeal, Dubois simply restates his original argument.  Since Dubois' argument relies on excluded evidence, his claim necessarily fails.

Even if Dubois had raised the issue, however, it seems abundantly clear that the district court analyzed the reasonableness of government counsel's conduct. The court found that throughout the litigation government counsel engaged in extensive consultation with the Forest Service. In particular, it noted that the government's attorneys sent the Forest Service copies of every substantive submission to review for factual accuracy. Dubois, No. 95-50, slip op. at 12-13 (D.N.H. July 17, 1998). Had the district court found their failure to inquire further objectionable, it certainly would have raised the issue within this context. Instead, the district court found that government counsel's ignorance of the Sugarbush proposal was not unreasonable and that their behavior was not worthy of sanctioning.

Furthermore, we find no abuse of discretion in the district court's refusal to sanction government counsel. Although Federal Rule of Civil Procedure 11 requires an attorney to reasonably inquire into the facts set forth in a motion or pleading, "[i]t is not necessary that an investigation into the facts be carried to the point of absolute certainty." Kraemer v. Grant County, 892 F.2d 686, 689 (7th Cir. 1990). Courts have further noted that "[a] signer's obligation personally to comply with the requirements of Rule 11 clearly does not preclude the signer from any reliance on information from other persons." Garr v. U.S. Healthcare, Inc., 22 F.3d 1274, 1278 (3d Cir. 1994).

-12-

In Coffey v. Healthtrust, Inc., 1 F.3d 1101, 1104 (10th Cir. 1993), an attorney relied upon an expert's conclusions, even though the attorney knew that the expert's conclusions were contradicted by the very author of the study from which the conclusions were drawn. The court refused to sanction the attorney, even though the attorney had reason to doubt the veracity of the expert's conclusions. The court found that the attorney's reliance on the expert's conclusions was reasonable because of the technical nature of the expert's research and the expert's unwavering belief in his findings. Id.

Similarly, government counsel in the instant case reasonably relied on the technical expertise of the Forest Service to craft its litigation position. The Forest Service is a recognized expert on environmental issues, and government counsel - unlike the attorney in the Coffey case - had no reason to question the accuracy of their client's claims. In addition, the subject matter of the Forest Service's statement was highly technical. Given the Forest Service's high level of expertise and its adamant belief in the "practical impossibility" of building storage ponds at Loon, we find no error in the district court's finding that government counsel's reliance was reasonable.

Moreover, we have found no case, and Dubois does not cite any, to suggest that counsel's failure to perform a burdensome task - such as independently surveying the 150 national forests to confirm the

-13-

veracity of their client's claims - amounts to egregious conduct warranting sanctions.[6]

**CONCLUSION**

Dubois spends almost the entirety of this appeal faulting the district court for not considering issues that he himself neglected to raise.  Apparently, he labors under the false impression that it is the district court's duty, and not his, to raise all of the arguments that are favorable to his cause.  Because Dubois has forfeited almost all the arguments he relies upon in this appeal, considering the "extraordinary deference" that is owed to a district court's decision to deny sanctions, and in light of the fact that the district court's analysis was comprehensive and reasonable, we find no abuse of discretion.  We affirm the district court's denial of attorney's fees.

**Affirmed**.

---

[6]  In addition, Dubois argues that the district court failed to consider the obligation of the Forest Service to correct the false statement after it learned that the statement was false.  Again, Dubois failed to raise this issue with the district court and "thus may not unveil it in the court of appeals."  Slade, 980 F.2d at 30.