**Joseph H. GREENIER, Plaintiff,**

v.

**PACE, LOCAL NO. 1188, Defendant**

**No. 01–CV–121–B–S.**

United States District Court,
D. Maine.

Feb. 12, 2003.

---

Jonathan S.R. Beal, Law Office of Jonathan, S.R. Beal, Portland, OR, for Pace, Local No 1188.

## ORDER REGARDING ATTORNEY'S FEES

SINGAL, Chief Judge.

Presently before the Court is Defendant's Motion for Award of Attorney's Fees and Costs (Docket # 91). For the reasons set forth below, the Court DENIES Defendant's Motion.

## I. BACKGROUND

Plaintiff Joseph H. Greenier brought suit against Defendant PACE, Local No. 1188 under the Labor–Management Relations Act, 29 U.S.C. § 141 *et seq.* (LMRA), and the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* (NLRA), for alleged breach of Defendant's duty of fair representation. Plaintiff also sought relief under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), for discrimination on the basis of his disability. The Court dismissed Plaintiff's duty of fair representation claim on April 23, 2002, but allowed him to go forward with his ADA claim.

Plaintiff has represented himself throughout the majority of the case. He has filed numerous miscellaneous motions, both without merit and in violation of the rules of procedure, over the course of the

proceeding. The Court has warned Plaintiff on a number of occasions that continued noncompliance and submission of unnecessary filings would result in sanctions. (*See, e.g.,* Order at 1 (Docket # 31); Order at 20 (Docket # 47).) Ultimately, Defendant filed a Motion for Sanctions and Dismissal, citing Plaintiff's on-going failure to comply with the Court's discovery orders. Additionally, Defendant moved for Summary Judgment on the remaining ADA claims.

The Court granted both motions, dismissing the case with prejudice on August 14, 2002. Default judgment was entered for Defendant on October 30, 2002. On November 7, 2002, Defendant moved for an award of attorney's fees and costs in the amount of $26,492.24 for all work performed in the case (Docket # 91). Plaintiff contests any award of fees (Docket # 100).

## II. DISCUSSION

Rule 54 requires that a party moving for attorney's fees after the entry of judgment "specify ... the statute, rule or other grounds" entitling the movant to the award. Fed.R.Civ.P. 54(d)(2)(B). In the present case, Defendant's fee request makes no mention of the grounds upon which an award is sought. However, Defendant has provided some minimal guidance on the question in earlier filings. The Motion for Summary Judgment and

the Motion for Sanctions sought leave to request a fee award in light of the "wasteful and frivolous nature" of Plaintiff's numerous pro se motions. (*See* Def.'s Mot. for Summ. J. at 15 (Docket # 66); Def.'s Mot. for Sanctions and Dismissal at 9 (Docket # 72).) The Court, therefore, assumes that Defendant asks it to sanction Plaintiff's vexatious behavior.[1] *See Dubois v. United States Dep't of Agric.,* 270 F.3d 77, 80 (1st Cir.2001).

A successful party may be awarded attorney's fees pursuant to a court's inherent supervisory powers where the losing party has acted in "bad faith, vexatiously, wantonly or for oppressive reasons." *Dubois,* 270 F.3d at 80 (quoting *Chambers v. NASCO,* 501 U.S. 32, 33, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). Vexatious conduct occurs where a losing party's actions are frivolous, unreasonable or without foundation. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Local 285, Service Employees Int'l Union v. Nonotuck Res. Assocs.,* 64 F.3d 735, 737–38 (1st Cir.1995). A party need not show subjective bad intent to justify an award for vexatious conduct. *Id.* at 738. Where a particular abuse is already addressed by a specific rule, a court may only exercise its supervisory powers if the existing remedial provision is inadequate to the task. *United States v. Horn,* 29 F.3d 754, 760 (1st Cir.1994).

---

**1.** The Court assumes that Defendant does not seek an award as a prevailing party under the ADA fee-shifting statute, 42 U.S.C. § 12205 (1995), due to Defendant's failure to mention the provision. However, because the ADA provision employs the same frivolity standard applied when sanctioning vexatious conduct, the Court's analysis under either test is substantially the same in the present case. *Compare Bercovitch v. Baldwin Sch., Inc.,* 191 F.3d 8, 10–11 (1st Cir.1999) (noting that a prevailing defendant is only permitted an award under the ADA where the plaintiff's suit is totally unfounded, frivolous or otherwise unreasonable) *with Local 285, Service Employees Int'l Union v. Nonotuck Res. Assocs.,* 64 F.3d 735, 737–38 (1st Cir.1995) (requiring that a losing party's actions be frivolous, unreasonable or without foundation to show vexatious conduct worthy of sanction).

Similarly, the Court assumes that Defendant does not seek a fee award pursuant to Rules 16 or 37. Any award requested under the rules would entitle Defendant to seek only those fees resulting from Plaintiff's failure to comply with the Court's discovery and scheduling orders. *See* Fed.R.Civ.P. 16(f); 37(b)(2).

■ When employing these powers, a court should award fees with "great circumspection and restraint" and "only in compelling situations." *Dubois,* 270 F.3d at 80. Moreover, the frivolity showing required of a prevailing party applies with "special force" in pro se actions. *Hughes v. Rowe,* 449 U.S. 5, 14–16, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam) (applying the *Christiansburg* standard to pro se plaintiffs under the fee-shifting provision 42 U.S.C. § 1988); *see also Miller v. Los Angeles County Bd. of Educ.,* 827 F.2d 617, 619–20 (9th Cir.1987) ("*Christiansburg* standard is applied with particular strictness" in cases involving pro se plaintiffs). Courts should consider a pro se plaintiff's ability to recognize the objective merit of his claims before awarding fees to a successful defendant. *Houston v. Norton,* 215 F.3d 1172, 1174 (10th Cir.2000); *Miller,* 827 F.2d at 620. Pro se plaintiffs may not, however, use the courts as an instrument to harass or oppress defendants. *Reis v. Morrison,* 807 F.2d 112, 113 (7th Cir.1986) (per curiam); *Rivera Carbana v. Cruz,* 588 F.Supp. 80, 84 (D.P.R.1984).

■ Here, Defendant prevailed on its Motion for Sanctions and Dismissal. The Court specifically informed Plaintiff that his failure to comply with the scheduling and discovery orders was "extreme, willful and egregious." (*See* Endorsement at 9 (Docket # 72).) Additionally, the Court has indicated to Plaintiff that many of his numerous motions were frivolous. (*See* Order at 19 (Docket # 47); Endorsement at 3 (Docket # 64).)

However, the award of attorney's fees in addition to dismissal is inappropriate in the instant case. Plaintiff's persistent frivolity reflects a zealous advocacy of his underlying claims rather than bad faith.[2] Indeed, the content and volume of the filings highlight Plaintiff's questionable ability to recognize the legal merit of his actions. *See Miller,* 827 F.2d at 620 (noting that a pro se plaintiff may be held accountable for her actions only where plaintiff knows a claim is groundless). Moreover, the Court has already imposed sufficient sanctions upon Plaintiff for his frivolous behavior pursuant to Rule 37. *See* Fed.R.Civ.P. 37(b)(2).[3] The imposition of fees for all work performed in the case would bear little relation to Plaintiff's vexatious conduct and serve no additional deterrent purpose. *See Horn,* 29 F.3d at 760 (noting that sanctions pursuant to a court's inherent supervisory powers should be narrowly tailored to the remedial objective). In light of Plaintiff's limited ability to grasp the legal significance of his actions as well as the sanctions already imposed in this matter, the Court declines to employ its inherent supervisory powers.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Award of Attorney's Fees and Costs.

SO ORDERED.

---

2. Defendant asserts only that Plaintiff failed to obey discovery orders and filed wasteful motions. It does not argue for additional sanctions because Plaintiff sought to harass or oppress.

3. Defendant also notes in passing that Plaintiff has brought a number of related actions against various other defendants. Plaintiff's past suits against different defendants do not support the imposition of fees in this case, however. *Houston v. Norton,* 215 F.3d 1172, 1175 (10th Cir.2000) ("The mere fact that a plaintiff has filed numerous lawsuits in the past does not support the imposition of fees.")