**ROGER EDWARDS, LLC, Plaintiff,**

v.

**FIDDES & SON, LTD., Defendant.**

**No. 02–105–P–DMC.**

United States District Court,
D. Maine.

Feb. 16, 2005.

Thomas F. Hallett, Law Office of Thomas F. Hallett, Portland, ME, for Roger Edwards LLC, Plaintiff.

David Soley, Bernstein, Shur, Sawyer, & Nelson, Ronald W. Schneider, Jr., Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Fiddes & Son Ltd., Defendant.

*MEMORANDUM DECISION ON DEFENDANT'S MOTION*

**20**

DAVID M. COHEN, United States Magistrate Judge.

The defendant, Fiddes & Son, Ltd., moves for an award of sanctions pursuant to Fed. R.Civ.P. 11 against the plaintiff, Roger Edwards, LLC, and its counsel in connection with the plaintiff's motion for relief from judgment which was filed on July 22, 2004. Defendant's Motion for Sanctions Pursuant to Fed.R.Civ.P. 11, etc. ("Motion") (Docket No. 108). I denied that motion on January 26, 2005. Memorandum Decision on Plaintiff's Motion for Relief From Judgment ("Decision") (Docket No. 115). The defendant contends that the motion for relief from judgment was frivolous, designed to mislead the court and intended to harass the defendant. Motion at 1.

## I. Applicable Legal Standard

Federal Rule of Civil Procedure 11 provides in relevant part:

**(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed.R.Civ.P. 11(b). A court may impose sanctions for violation of any one or more of these duties either upon motion of a party or on its own initiative. *Id.* § (c)(1). With respect to motions for sanctions, the rule provides:

A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

*Id.* § (c)(1)(A).

"The mere fact that a claim ultimately proves unavailing, without more, cannot support the imposition of Rule 11 sanctions." *Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P.,* 171 F.3d 52, 58 (1st Cir.1999). However, a pleading or paper does violate Rule 11 if it is "frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith." *Safe–Strap Co. v. Koala Corp.,* 270 F.Supp.2d 407, 411 (S.D.N.Y.2003) (citation omitted). *See also Dubois v. United States Dep't of Agric.,* 270 F.3d 77, 80 (1st Cir.2001).

## II. Discussion

The plaintiff's Rule 60(b) motion alleged that the defendant had concealed or

---

**1.** Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge David M. Cohen conduct all proceedings in this case.

misrepresented facts about the labeling of its products, thus engaging in fraud upon the court and fraudulent conduct towards the plaintiff. Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Relief from Judgment ("Memorandum") (filed with Docket No. 98) at 1–16. The plaintiff now contends that the motion was not frivolous because it asserted a "colorable claim" of fraud. Plaintiff's Surreply to Defendant's Motion for Sanctions, etc. ("Surreply") (Docket No. 123) at 1–2. This argument entirely misses the point. As I noted in my denial of the Rule 60(b) motion, none of my rulings before or during the trial in this case depended or relied in any way on the alleged assertions by the defendant or its counsel that its packaging complied with applicable United States law, Decision at 5, which is the source of the plaintiff's fraud allegation, Memorandum at 1–7, 9–13. Since the question whether the defendant's packaging rendered its products unsaleable in the United States due to lack of compliance with applicable labeling law—presented by the plaintiff as a defense to the defendant's counterclaim for the value of product shipped to and retained by the plaintiff—was never reached in the proceeding below, whether the claim that any representation by the defendant with respect to this issue was fraudulent was "colorable" is irrelevant. As I noted in my decision on the motion for relief from judgment, the plaintiff would not be entitled to relief even if the defendant had made the alleged fraudulent misrepresentations.[2]

The plaintiff asserts that the court "would very well have been swayed," presumably at some point before trial, by the "fact" that "Defendant knowingly dumped improper, non-compliant product on the Plaintiff which would subject Plaintiff to severe sanction and penalty if entered by Plaintiff into the stream of commerce." Opposition at 4. The point in the proceedings in this case identified by the plaintiff as the critical time with respect to the alleged misrepresentations is the consideration of the defendant's motion for summary judgment. Memorandum at 3. The alleged misrepresentations by Fiddes, as distinct from its counsel, *id.* at 12, could only have become an issue at this time as well. The plaintiff asserted that the defendant had failed to comply with applicable labeling laws only in connection with its opposition to the defendant's counterclaim. Memorandum Decision on Defendant's Motion for Summary Judgment, etc. ("First Summary Judgment Decision") (Docket No. 36) at 15–18; Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Summary Judgment Opposition") (Docket No. 28) at 17–18. This assertion was made only to support the plaintiff's contention that it had revoked its acceptance of the defendant's products. Plaintiff's Summary Judgment Opposition at 17–18. I determined that, as a matter of law, the plaintiff's asserted revocation came too late to allow it to avoid its payment obligation, First Summary Judgment Decision at 17, and accordingly did not reach the labeling issue. Thus, whether or not the defendant had misrepresented its compliance with applicable labeling laws—the gravamen of the plaintiff's claim of fraud that provided the basis for its motion for relief from judgment—that question had no bearing on the outcome of the motion. This fact should have been apparent to the plaintiff's attorney, who represented the plaintiff in connection with the motion for summary judgment, as he does now.

I also granted the defendant's motion for summary judgment on any claim for damages arising from the alleged improper labeling because the plaintiff submitted no evidence to support such a claim in opposition to the defendant's motion for summary judgment on the counterclaim. Memorandum Decision on Defendant's Motion for Summary Judgment on Damages, etc. (Docket No. 78) at 11–12. To the extent that the plaintiff means to argue that it could not

2. The plaintiff makes much of its assertion that the defendant "does [not] ever refute that they engaged in improper labeling of their products," Plaintiff's Opposition to Defendant's Motion for F.R.Civ.P. 11 Sanctions ("Opposition") (Docket No. 114) at 1, going so far as to assert that the defendant "conceded" that it did so, *id.* at 2. The plaintiff confuses an argument to the effect that the validity of its accusations is beside the point with an admission of guilt. The two are certainly not the same. At no point in its pleadings with respect to this issue can the defendant reasonably be characterized as having admitted the plaintiff's factual allegations.

have presented such evidence with respect to either claim before September 2003, Opposition at 4;[3] Memorandum at 15, the evidence makes that claim untenable. As I noted in my decision on the motion for relief from judgment, the plaintiff had in its possession at least as early as November 21, 2001[4] the very containers of the defendant's products that were examined by its expert. Yet the expert only executed his affidavit on July 21, 2004, Affidavit [of Henry S. Woods, III] (Docket No. 99) ¶ 6 & jurat. First Summary Judgment Decision at 4. The plaintiff's assertion that it "had no way of establishing" fraud until it learned in September 2003 of the results of an investigation by the federal Department of Transportation, Surreply at 2 & n. 3, is simply contrary to the facts. Woods' affidavit does not refer to any such investigation and cannot reasonably be read to depend on the results of that investigation in any way.

The plaintiff argues that its motion for relief from judgment was proper even if it knew of the fraud, Surreply at 3, presumably at some point before it brought the motion, citing *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), *overruled on other grounds Standard Oil Co. of California v. United States,* 429 U.S. 17, 18 n. 2, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976). In that case, the Supreme Court stated that "even if [the party seeking to set aside the judgment] did not

exercise the highest degree of diligence [in uncovering the fraud the opposing party's] fraud cannot be condoned for that reason alone." *Id.* at 246, 64 S.Ct. 997. That is the sentence quoted by the plaintiff. The text of the opinion goes on as follows:

> This matter does not concern only private parties. There are issues of great moment to the public in a patent suit. Furthermore, tampering with the administration of justice in the manner indisputably shown here [defendant planted favorable article in trade journal in which ostensible expert extolled defendant's new product as a remarkable advance in its field, then used the article in successful defense against patent infringement claim] involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society.

*Id.* Obviously, no patent is involved in this contract dispute.[5] Nor does the fraud alleged by the plaintiff begin to reach the level proved to have occurred in *Hazel–Atlas.*

The only "fraud" upon the court identified by the plaintiff, as distinguished from alleged fraud directed at the plaintiff, was two representations by defendant's counsel: a statement of material fact[6] and an assertion in

---

**3.** This argument leaves unexplained the gap between September 2003 and July 2004, when the plaintiff filed its motion for relief from judgment. This gap, coupled with the fact that the motion was filed two days before the one-year period allowed by Fed.R.Civ.P. 60(b)(3) expired, certainly suggests that the motion was filed to cause delay and/or to increase the cost of litigation to the defendant.

**4.** This is the date when the defendant accepted the plaintiff's termination of their business relationship. First Summary Judgment Decision at 13–14.

**5.** Contrary to the plaintiff's assertion, Memorandum at 14, the *Hazel–Atlas* opinion does not "hold[ ] that a defendant cannot be heard to complain of lack of materiality when it believed the issue significant enough to make the misrepresentation in the first place."

**6.** The statement at issue is one phrase in paragraph 34 of the defendant's response to the state-

ment of material facts submitted by the plaintiff in support of its opposition to the defendant's first motion for summary judgment. Memorandum at 9. After objecting to the plaintiff's assertion that the defendant's "product lacks certification necessary to continue in U.S. commerce trade," Plaintiff's Statement of Material Facts in Dispute ("Plaintiff's SMF")(Docket No. 30) ¶ 34, as requiring expert testimony, the defendant qualified the statement "by stating that Fiddes expressed its refusal to recognize the Plaintiff's attempt at revocation and confirmed that Fiddes' goods complied with U.S. laws," Defendant's Reply to Plaintiff's Statement of Additional Facts in Dispute (Docket No. 33) ¶ 34. This sentence refers to a meeting between Larry Mann, the plaintiff's principal, and Robert Fiddes Gooding of the defendant, that took place in October 2001 and merely reports what Fiddes Gooding said to Mann at that time. It is not presented as an avowal by the defendant to the court that the labels on the defendant's products actually met all requirements of United States law.

the defendant's motion for summary judgment on damages.[7] Memorandum at 9–11. Since, unlike the trial court in *Hazel–Atlas,* I did not rely on either of those statements or assertions in reaching my conclusions on the motion for summary judgment, the court cannot be said to have been misled, nor the administration of justice tampered with. *Hazel–Atlas* provides no refuge for the plaintiff and its counsel.

■ The First Circuit has stated that "garden variety deceit and fraud by a party" do not rise to the level of a Rule 60(b)(6) claim or fraud upon the court. *Simon v. Navon,* 116 F.3d 1, 6 (1st Cir.1997). The plaintiff's evidence of fraud does not rise even to the level of garden variety.

As I also noted in my decision denying the motion for relief from judgment, I am troubled by the plaintiff's current assertion that it withdrew its attempted revocation of its acceptance of the defendant's products on December 17, 2002. Memorandum at 2 & Exh. 5 thereto. In its opposition to the motion for summary judgment, submitted to the court on December 23, 2002, the plaintiff took the position that the defendant was not entitled to summary judgment on its counterclaim for the value of the goods it had delivered to the plaintiff because the plaintiff had revoked its acceptance of those goods. Plaintiff's Summary Judgment Opposition at 17; Plaintiff's SMF ¶ 32; Affidavit of Larry Mann (Docket No. 31) ¶ 10. While Exhibit 5 to the plaintiff's memorandum of law in support of its motion for relief from judgment

was executed by Larry Mann on December 16, 2002, the plaintiff's present counsel represented it at the time its opposition to the motion for summary judgment was filed and must therefore have been aware of the position taken in that document with respect to revocation of acceptance of the goods at issue. To now represent to the court that the plaintiff had actually withdrawn its revocation before pleadings relying on that revocation were filed with the court is to admit that the plaintiff engaged in a misrepresentation to this court. Counsel for the plaintiff failed to acknowledge this fact, even with the benefit of leave to file a surreply after the discrepancy was pointed out in my decision denying the motion for relief from judgment.

■ With respect to the request for sanctions against the plaintiff's attorney, I note that "[t]he attorney has an affirmative duty to inquire into the facts and law before filing a pleading. His inquiry must be reasonable under the circumstances." *Coffey v. Healthtrust, Inc.,* 1 F.3d 1101, 1104 (10th Cir.1993). From all that appears in the record, counsel for the plaintiff did not engage in such a reasonable inquiry before filing the motion for relief from judgment.

I can only conclude that the filing of the motion was, under the circumstances, frivolous, unreasonable and without foundation, even though it may not have been made in subjective bad faith. *Dubois,* 270 F.3d at 80. The defendant complied with the "safe harbor" requirements of Fed.R.Civ.P. 11(c)(1)(A). Motion at 13.[8] An award of sanctions is accordingly in order.

7. The assertion at issue is the following: "In short, as the importer, Roger Edwards, was charged with the responsibility of ensuring that the merchandise it was importing into the United States complied with *all* U.S. regulations ...." Defendant's Motion for Summary Judgment on the Plaintiff's Claim for Damages, etc. (Docket No. 53) at 16. In fact, this assertion is merely a paraphrase of a United States Customs Service publication, *id.* at 15, a fact made clear in the motion, and cannot reasonably be characterized as a misrepresentation, let alone "tampering with the administration of justice." *See U.S. Import Requirements,* a pamphlet published by the U.S. Customs Service, at [3] ("It is the importers [sic] responsibility to ensure that his or her goods being imported meet admissibility requirements—such as proper marking, safety standards, etc.—and that the proper permits, if required, have been obtained in advance of the

goods arriving in the United States."), available at *www.customs.ustreas.gov/linkhandler/cgov /toolbox/publications/trade/ usimportrequirements.ctt/usimportrequirements.doc.* In addition, the materials submitted by the plaintiff in support of its motion for relief suggest that the responsibility does rest with the distributor in the United States. All of the violations noted in the report of the investigation of East Fork Enterprises, Inc., which the plaintiff now claims first alerted it to the defendant's alleged labeling violations, are violations by the distributor in Texas, not by the defendant, which shipped the products in question to the distributor. Exh. 7 to Memorandum at 17–25; Affidavit of Larry Mann (Docket No. 100) ¶ 7.

8. Plaintiff's counsel acknowledged this fact during a telephone hearing on February 7, 2005 on the plaintiff's motion for leave to file a surreply.

The plaintiff and its attorney of record are hereby ordered to pay the defendant an amount representing the reasonable attorney fees and other expenses incurred by the defendant in defending against the plaintiff's motion for relief from judgment. The parties, through their attorneys, are directed to undertake a serious good-faith effort to reach agreement on this amount. If they are unable to reach agreement, the defendant shall file a properly supported fee application with the court by March 15, 2005. The plaintiff shall respond thereto within 14 calendar days of its filing and the defendant shall file any reply within 7 calendar days thereafter.