F I L E D
United States Court of Appeals
Tenth Circuit

JUN 26 2000

PATRICK FISHER
Clerk

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

_____

G. SAM HOUSTON,

     Plaintiff-Appellant,

v.

GALE A. NORTON, named as Gale
Norton, individually and in her
official capacity as the Attorney
General, State of Colorado; JAMES
CARR, individually and in his
official capacity as the Assistant
Attorney General, State of Colorado;
AMOS MARTINEZ, individually and
in his official capacity as the
Administrator of the State of
Colorado Grievance Board; CLAIR
VILLANO, individually and in her
official capacity as the Chairperson
of the State of Colorado Grievance
Board; JIM STANLEY, individually
and in his official capacity as the
Deputy District Attorney for the First
Judicial District, State of Colorado;
KEVIN ARMSTRONG, individually
and in his official capacity as
Detective, City of Lakewood,
Colorado Police Department; DAN
MONTGOMERY, individually and in
his official capacity as the Chief of
Police, City of Westminster,
Colorado; and UNKNOWN JOHN
OR JANE DOES, individually and in
their official capacities as Police

No. 99-1174

Officers, Investigators for the Cities of Westminster and Lakewood Police Departments; LINDA ORSELLO, individually; HILLARY WATTERS, individually; ANN SHORT, individually; JOHN PICKETT, individually; JACK HURST,

Defendants-Appellees.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 93-WM-2657)**

---

Submitted on the briefs:

G. Sam Houston, Pro se.

Timothy P. Schimberg and Katherine Taylor Eubank of Fowler, Schimberg & Flanagan, P.C., and Paul S. Sanzo, Attorney, Colorado Attorney General's Office, Denver, Colorado, for Defendants-Appellees.

---

Before **BALDOCK** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

**LUCERO** , Circuit Judge.

---

This case presents an issue of first impression in this Circuit regarding the imposition of attorney fees on G. Sam Houston, a pro se plaintiff, in a 42 U.S.C. § 1983 action. The Supreme Court has directly addressed the issue in       Hughes v.

Rowe, 449 U.S. 5, 14-16 (1980), and has set out the standard to be applied. We reverse and remand the district court's order awarding attorney fees because it does not contain a Hughes analysis and it is not possible for us to determine whether that standard was properly applied. [1]

I

In July 1991, plaintiff pled guilty to attempted sexual assault on a child, and in August 1992, he pled guilty to posing as a psychotherapist and sexually assaulting several women during therapy sessions. While incarcerated for these convictions, plaintiff brought a civil rights action pursuant to 42 U.S.C. § 1983 against numerous defendants, including the social worker who investigated the 1991 sexual assault charges, the police officers and prosecutors involved in both cases, and state officials connected to a grievance board that regulates psychotherapists. Plaintiff's claims stemmed from his convictions and alleged malicious prosecution, search and seizure improprieties, invasion of privacy, use of false evidence, defamation, due process violations, and equal protection violations. A number of these claims were dismissed as frivolous under 28 U.S.C. § 1915. Plaintiff filed an amended complaint clarifying the claims that

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

were not dismissed, and later filed a supplemental brief containing additional claims and defendants.

In February 1997, the magistrate judge to whom the case was assigned issued a detailed report recommending that all of the defendants' motions for summary judgment be granted. The magistrate judge also recommended that each of the defendants be awarded fifty percent of his or her attorney's fees. ( See III, R. Doc. 147 at 25.) The district court adopted most of the recommendations, but deferred ruling on the award of fees, stating that defendants could file affidavits regarding the fees they had incurred. ( See id., Doc. 174 at 3.) Each of the defendants persisted with their request for attorney's fees and filed such affidavits. On March 24, 1999, the district court issued an order awarding defendants their full attorney's fees, totaling $27,593.75. ( See R. IV Doc. 200.) The order was silent as to the district court's reasons for the award or its analysis as to the reasonableness of the requested amounts. Plaintiff appeals, arguing the district court lacked authority to award attorney fees against a pro se prisoner, and that such fees were awarded simply to chill the exercise of his legal rights.

## II

We review both the court's decision to award attorney's fees and the reasonableness of the amount awarded for an abuse of discretion. See Robinson v. City of Edmond , 160 F.3d 1275, 1280 (10th Cir. 1998). Although the district

court's underlying factual determinations are reviewed for clear error, its statutory interpretation or other legal conclusions are reviewed de novo.     See id.

In the Civil Rights Attorney's Fees Awards Act of 1976, codified at 42 U.S.C. § 1988(b), Congress granted the courts discretion to award a reasonable attorney's fee to a prevailing party in a civil rights action.  This provision was enacted to encourage the vindication of civil rights.     See S. Rep. No. 1011, 94th Cong., 2d Sess. 4-5 (1976),    reprinted in  1976 U.S.C.C.A.N. 5908, 5911-13.

In Hughes v. Rowe , 449 U.S. 5, 14-16 (1980), the Supreme Court clarified that attorney's fees could be assessed against a pro se plaintiff in a § 1983 civil rights action, and articulated the standard to be used in determining whether a fee award was justified.  Citing its earlier decision in     Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978), the Court held that the "stringent" Christiansburg  standard applied to § 1983 actions as well.  Under this standard:

> [t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation.  The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of  fees. . . .  [A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. . . .  These limitations apply with special force in actions initiated by uncounseled prisoners.  Faithful adherence to the principles of     Haines v. Kerner   dictates that attorney's fees should rarely be awarded against such plaintiffs.  The fact that a prisoner's complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees.  An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal

deficiencies in his claims. . . . [E]ven if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit.

449 U.S. at 14-15 (citations and quotations omitted). The Court has also stated that "[a] prevailing defendant may recover an attorney's fee award only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983) (citing H. R. Rep. No. 1558, 94th Cong. 7 (1976)).

Failing to find an appropriate analysis for our review, we reverse and remand for further proceedings below. In applying the Hughes' standard, the district court should consider the pro se plaintiff's ability to recognize the objective merit of his or her claim. See Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 620 (9th Cir. 1987); Reis v. Morrison, 807 F.2d 112, 113 (7th Cir. 1986). The mere fact that a plaintiff has filed numerous lawsuits in the past does not support the imposition of fees.

Moreover, the district court should provide a "concise but clear explanation of its reasons for the fee award." Hensley, 461 U.S. at 437; see also Phelps v. Hamilton, 120 F.3d 1126, 1129 (10th Cir. 1997) (quoting Hensley). As noted, the March 24, 1999 order is completely silent as to the district court's rationale for imposing fees. ( See IV R. Doc. 200.) Reliance on the magistrate judge's February 1997 findings regarding attorney's fees is inappropriate because the

district court did not adopt that portion of the magistrate judge's recommendation. (See III R. Doc. 174.)

### III

Plaintiff's motion for leave to proceed in forma pauperis on appeal is granted. The judgment is REVERSED, and the case is REMANDED for further proceedings.