**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN AYALA,

　　Plaintiff-Appellant,

v.

SCOTT HOLMES; RICHARD BENSON;
ROGER ENGLESMAN; LARRY
PETERSON, Adams County Sheriff's
Deputy; D.S. QUICK; DONNA J.
DREILING; WAYMOND SPENCER;
ROSEMARY DEHERRERA; GEORGE
GONZALES; JOHN LEOPOLD; JOHN
FRANKS; STEVE COX; CATHERINE
ROBERTS; JOSEPH BLOCH &
ASSOC.,

　　Defendants-Appellees.

No. 01-1282

(D.C. No. 00-D-1755)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Steven Ayala, appearing pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 action.  Ayala also appeals from the district court's order directing him to pay certain attorney fees and costs, and the district court's imposition of restrictions on his future case filings.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

In 1996, Ayala pled guilty in Colorado state court to attempted second degree assault and was sentenced to a four-year term of imprisonment.  Since that time, Ayala has filed numerous civil lawsuits,[1] including this action, against various individuals involved in his criminal prosecution.  In the instant case, Ayala named as defendants his former wife (the apparent victim of the attempted assault), his former wife's companion, his defense attorneys, law enforcement officials, prosecutors, and the state sentencing judge.  Ayala's complaint alleged that defendants conspired to have him wrongfully convicted and sentenced to prison.  The complaint requested declaratory relief and also asked that defendants be prosecuted under federal criminal law.

Defendants moved to dismiss Ayala's complaint on a variety of grounds.  Two of the defendants also sought attorney fees.  The magistrate judge reviewed the motions and

---

[1]  According to the magistrate judge's report and recommendation, Ayala has filed approximately twenty-one cases in federal district court since October 9, 1996.

2

recommended that they all be granted. The magistrate judge also recommended that the district court sanction Ayala by enjoining him from filing or prosecuting any claim pro se in federal district court in Colorado without permission from the district court. Although Ayala objected to the magistrate judge's recommendations, the district court rejected those objections and adopted the magistrate judge's recommendations in their entirety. Accordingly, the district court dismissed the action, directed Ayala to pay attorney fees and costs to two of the defendants, and enjoined Ayala from filing any future pro se actions without leave of court.

After examining the record on appeal, we find no error on the part of the district court in dismissing the action. Aside from the fact that Ayala has failed to allege specific facts to support his conspiracy claims against the defendants, it is undisputed that Ayala has asserted identical claims against these identical defendants in at least one of his previous lawsuits. Because that action was dismissed on the merits in favor of defendants, Ayala's reassertion of the same claims in this action is barred by the doctrine of res judicata. See Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir. 1997) (listing the elements of res judicata defense). We also agree with the district court that Ayala's claims, to the extent they question the validity of his 1996 Colorado conviction and sentence, are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Heck held that, to obtain relief under 42 U.S.C. § 1983 for unconstitutional conviction or imprisonment, a plaintiff must first "prove that the conviction or sentence

3

has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. Here, it is uncontroverted that Ayala has failed to establish this threshold requirement.

We next turn to the district court's award of attorney fees and costs to two of the defendants (Catherine Roberts and the law firm of Joseph D. Bloch, P.C., both of whom previously provided legal representation to Ayala). The explicit basis for the magistrate judge's recommendation and the district court's subsequent award was 28 U.S.C. § 1927, which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously" may be held personally responsible for "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Because there is a "conflict among the circuits on the question whether § 1927 applies to pro se litigants, . . . we look elsewhere for authority rather than choose sides unnecessarily." Alexander v. United States, 121 F.3d 312, 316 (7th Cir. 1997). Under the Civil Rights Attorney's Fees Award Act of 1976, codified at 42 U.S.C. § 1988(b), a district court has discretion to award a reasonable attorney fee to a prevailing party in a civil rights action. See Houston v. Norton, 215 F.3d 1172, 1174 (10th Cir. 2000). Although it is rare for fees to be assessed against a pro se plaintiff in a § 1983 action, a district court has discretion to do so if the plaintiff's suit was frivolous, vexatious, or brought to harass or embarrass the

4

defendants.  See id.  Here, the magistrate judge found, and the district court agreed, that Ayala's filing and continued prosecution of the suit was "unreasonable and vexatious." ROA, Doc. 55 at 16.  These findings, as well as the district court's conclusion that Ayala's claims against these two defendants were frivolous, are sufficient in our view to support an award of fees in favor of these two defendants and against Ayala under § 1988.

Finally, we turn to the district court's imposition of restrictions on Ayala's future case filings.  A district court has the inherent power to regulate the activities of "litigants with a documented lengthy history of vexatious, abusive actions, so long as the court publishes guidelines about what the plaintiff must do to obtain court permission to file an action, and the plaintiff is given notice and an opportunity to respond to the restrictive order."  Werner v. State of Utah, 32 F.3d 1446, 1447 (10th Cir. 1994); see also Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989) ("A district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents.").  Here, it is clear from the data compiled by the district court that Ayala's case filings in district court have amounted to a pattern of malicious, abusive, and frivolous litigation.  It is also clear from the record that the district court complied with due process requirements by providing Ayala with notice of the proposed filing restrictions and an opportunity to respond.  We therefore find no abuse of discretion on the part of the district court in imposing those restrictions.

5

The judgment of the district court is AFFIRMED.

                                        Entered for the Court

                                        Mary Beck Briscoe
                                        Circuit Judge