**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 11 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NAOMI OLSEN; TOM OLSEN,

      Plaintiffs-Appellants,

v.

WILLIAM AEBERSOLD, individually
and doing business as Gable
Properties; MIKE MORGAN, doing
business as agent/employee/other for
William Aebersold; FARMERS
INSURANCE GROUP; FIRE
INSURANCE EXCHANGE; ROBERT
BABCOCK, individually and as an
agent/employee/other and/or business
partner and/or associate of Ann Kantor
and/or Albert O. Engel; ANN
KANTOR, individually and as an
agent/employee/other and/or business
partner and/or associate of Robert
Babcock and/or Albert O. Engel;
ALBERT ENGEL, individually and as
an agent/employee/other and/or
business partner and/or associate of
Robert Babcock and/or Ann Kantor
and doing business as Triple A.
Machine Shop, Inc., a California
corporation,

      Defendants-Appellees.

No. 01-2366 & 02-2288
(D.C. Nos. CIV-01-762 PK/DJS &
CIV-01-762-MV/DJS)
(D. N.M.)

**ORDER AND JUDGMENT**

Before **MURPHY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In case No. 01-2366, plaintiffs Naomi and Tom Olsen, appearing pro se, appeal the district court's dismissal of their lawsuit for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In case No. 02-2288, plaintiffs appeal the district court's award of attorney fees to defendant Fire Insurance Exchange. Because the district court lacked subject-matter jurisdiction over plaintiffs' suit, we vacate its dismissal on the merits and remand the case with directions to

dismiss the action without prejudice. We also remand the fee award for further consideration.

## Case No. 01-2366

Plaintiffs' complaint alleged the following facts: Plaintiffs leased from defendant Aebersold a house in California, which they later discovered was contaminated with mold and fungus. As a result of the contamination, they and their children suffered damage to their health and property. When they contacted the County of Siskiyou Health Department, they were informed that the house was uninhabitable and should be condemned. They also contacted the California Department of Public Health and the Environmental Protection Agency, but these agencies were prevented from doing their jobs by defendant Triple A Machine Shop (plaintiff Tom Olsen's former employer), by defendants Kantor and Engle (the machine shop owners), and by defendant Babcock (the machine shop's attorney). These defendants conspired to make misrepresentations to the county, state, and federal agencies regarding Triple A Machine Shop's attempt to terminate Tom Olsen's employment-related disability benefits, and as a result of these misrepresentations, the agencies did not condemn or repair the house. Defendant Farmers Insurance also failed to honor its promise to compensate plaintiffs for their damages.

-3-

Plaintiffs relocated to New Mexico and brought this action in the federal district court, which granted them leave to proceed *in forma pauperis. See* 28 U.S.C. § 1915(a)(1). Plaintiffs' complaint invoked the court's jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4), which all relate to federal-question jurisdiction. (The district court correctly noted the absence of diversity jurisdiction.) The complaint contained a civil rights claim under 42 U.S.C. § 1983, and numerous state-law claims.

All defendants filed motions to dismiss. One defendant moved to dismiss the action for lack of subject-matter jurisdiction, based on the absence of a substantial federal question. Although the district court's order discussed the subject-matter-jurisdiction challenge and agreed that there was no viable federal claim, it did not dismiss the lawsuit for lack of jurisdiction. Instead, based on plaintiffs' failure to allege that defendants acted under color of state law or that defendants deprived plaintiffs of a federal right, the court dismissed the § 1983 claim with prejudice under the authority of 28 U.S.C. § 1915(e)(2)(B)(ii). *See* R., doc. 37 at 2-3. The court also dismissed the claims against defendants Babcock, Engel, and Triple A Machine Shop for lack of personal jurisdiction; granted defendant Fire Insurance Exchange's motion to dismiss Farmer's Insurance Group as a service mark; and declined to exercise supplemental jurisdiction over plaintiffs' state-law claims.

We need not discuss these rulings because we conclude that the district court lacked jurisdiction over plaintiffs' lawsuit. The Supreme Court held in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998), that the existence of subject-matter jurisdiction is a threshold inquiry which must precede any merits-based determination. This requirement is "inflexible and without exception." *Id.* at 95 (internal quotation marks omitted). If the district court lacked jurisdiction, it had no authority to rule on the merits of plaintiffs' claims. *Id.* at 101-02 ("For a court to pronounce upon [the merits] when it has no jurisdiction to do so is . . . for a court to act ultra vires"). Further, if the district court lacked subject-matter jurisdiction over plaintiffs' action, our jurisdiction on appeal is limited to "correcting the error of the lower court in entertaining the suit." *Id.* at 95 (internal quotation marks omitted).

To support the exercise of federal-question jurisdiction, plaintiffs must present a "substantial" federal claim. *Hagans v. Lavine*, 415 U.S. 528, 536-38 (1974). The court lacks subject-matter jurisdiction "when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co.*, 523 U.S. at 89 (internal quotation marks omitted); *see Hagans*, 415 U.S. at 536-38.

Here, although plaintiffs purported to bring a claim under § 1983, they did not identify a federal right that defendants invaded, nor did they allege facts showing that defendants acted under color of state law. Based on the plain language of the statute and Supreme Court precedent, both these elements are essential to a § 1983 claim. *See Polk County v. Dodson*, 454 U.S. 312, 315 (1981) (requirement that defendants act "under color of state law" is jurisdictional for a § 1983 claim) (quoting statute); *Baker v. McCollan*, 443 U.S. 137, 140 (1979) (deprivation of a right "secured by the Constitution and [federal] laws" is a "threshold requirement of § 1983") (internal quotation marks omitted). Hence, Plaintiff's § 1983 claim did not support the district court's exercise of federal jurisdiction over their lawsuit. *See, e.g.*, *Harline v. DEA*, 148 F.3d 1199 (10th Cir. 1998) (physician's due process claim did not present a substantial federal question because it was foreclosed by Supreme Court decisions).

Because the district court lacked jurisdiction over plaintiffs' lawsuit, it lacked authority to dismiss their § 1983 claim "with prejudice," which is a dismissal on the merits. *See Steel Co.*, 523 U.S. at 94-96. Therefore the case must be remanded with directions to the district court to dismiss plaintiffs' lawsuit "without prejudice" for lack of subject-matter jurisdiction.

Plaintiffs argue that their lawsuit should be reinstated because the district court failed to observe certain procedural safeguards before dismissing it. The

record belies this argument, however, showing that the district court afforded plaintiffs all the protections they seek except the opportunity to amend their complaint. The district court denied plaintiffs leave to amend upon finding that it would be futile. As plaintiffs have not demonstrated that they could have amended the complaint to state a viable federal claim, they have not shown that the district court abused its discretion in denying leave to amend.

Plaintiffs also argue that if New Mexico was not the proper venue for their lawsuit, the district court should have transferred the action to the federal court in California instead of dismissing it. The district court had no such duty, however, because the California federal court would also have lacked subject-matter jurisdiction over plaintiffs' complaint.

Finally, plaintiffs have filed a series of pleadings raising issues regarding plaintiff Tom Olsen's disability status. Because his disability status was not an issue in the lawsuit under review, we deny these motions as being outside the scope of the appeal. *See Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998) ("Although we construe pro se pleadings liberally, we will not rewrite a [complaint] to include claims that were never presented.") (citation omitted).

### Case No. 02-2288

After the district court dismissed plaintiffs' lawsuit, defendant Fire Insurance Exchange sought an award of costs and attorney fees. In January 2002

the clerk of the district court assessed $85.80 in costs against plaintiffs. In October 2002 the district court awarded the requested attorney fees upon finding that plaintiffs' federal action was groundless and that plaintiffs had sufficient experience with pro se federal litigation to recognize the obvious jurisdictional and procedural defects. Plaintiffs have appealed the attorney fees award.

In awarding attorney fees, the district court cited 42 U.S.C. § 1988, which authorizes an award of fees to the "prevailing party" in a civil rights action. It is unclear, however, whether attorney fees can be awarded under § 1988 when the district court lacks jurisdiction over the underlying civil rights claim. *Compare Branson v. Nott*, 62 F.3d 287, 292-93 (9th Cir. 1995) (fee cannot be awarded) *with Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923 (7th Cir. 2000) (fee can be awarded). On the other hand, the district court may have inherent authority to award such fees as a sanction. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-48 (1991) (describing court's inherent powers, including the power to assess attorney fees against a party who has acted in bad faith). In light of our determination that the district court lacked subject-matter jurisdiction, we remand for reconsideration by the court of its fee award.

We have also considered whether the costs award may stand despite the district court's lack of jurisdiction over the lawsuit. The district court is authorized by statute to award "just costs" when a case is dismissed for lack of

subject-matter jurisdiction.    *See* 28 U.S.C. § 1919.  As plaintiffs have not argued that the $85.80 costs award was unjust, we affirm the award.

All outstanding motions are DENIED.  We VACATE the district court's merits-based dismissal and attorney fees award, and REMAND the case with directions to dismiss plaintiffs' lawsuit without prejudice for lack of subject-matter jurisdiction, and to reconsider the attorney-fee award.


Entered for the Court


Harris L Hartz
Circuit Judge