**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TOM OLSEN; NAOMI OLSEN, and
Does I through IV,

        Plaintiffs - Appellants,

  v.

STATE OF NEW MEXICO,
Department of Education, Division of
Vocational Rehabilitation; MICHAEL
DAVIS, State Superintendent of
Public Instruction; TERRY
BRIGANCE, Assistant Superintendent
for Division of Vocational
Rehabilitation; LENA TRUJILLO
CHAVEZ, Vocational Rehabilitation;
LARRY BORREGO, Assistant
Director Vocational Rehabilitation;
ANTHONY LUJAN, Area Manager
Vocational Rehabilitation; CHARLES
WHITE, Division of Vocation
Rehabilitation Director, Disability
Determination Services; LEE
MARTINEZ, Vocational
Rehabilitation, sued individually and
in his official capacity; KAREN
PROVINE; NADINE WELLS;
JUDITH TESSE TANNER,
Department of Vocational
Rehabilitation; ELIZABETH
EMERSON,

        Defendants - Appellees.

No. 04-2196
(D.C. No. CIV-03-207 JB/LCS)
(D. N.M.)

**ORDER AND JUDGMENT** [*]

Before **LUCERO** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs Tom Olsen and Naomi Olsen, proceeding *pro se* , appeal the district court's orders dismissing their complaint against defendants, the State of New Mexico Department of Education, Division of Vocational Rehabilitation (DVR), ten DVR employees in their official capacities, and one DVR employee in his official and individual capacity. We affirm, and we order the Olsens to show cause why they should not be subject to prospective filing restrictions in this court.

I.

The Olsens, who receive Social Security disability benefits, alleged in their complaint that defendants provided them unsatisfactory assistance in their

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

attempts to participate in the Social Security Administration's "Ticket-to-Work" program. The "Ticket-to-Work" program is a voluntary program in which eligible disability recipients can receive vouchers from the Social Security Administration that they can use to obtain employment services, vocational services or other services from a participating employment network that is willing to provide such services to the disabled in order to help them work. *See* Ticket to Work and Self-Sufficiency Program, 42 U.S.C. § 1320b-19; 20 C.F.R. § 411.100-411.730 ("Ticket-to-Work program"). New Mexico's DVR is a participating employment network and provides assistance and benefit counseling to Ticket-to-Work participants. *See* http://www.dvrgetsjobs.com/DVRTTW/TtoWDefault.htm.

Both Mr. and Mrs. Olsen sought to participate in the Ticket-to-Work program. They alleged in their complaint, filed in February 2003, that defendants did not schedule convenient meeting times or places with them and took other actions that delayed or prevented them from participating in the program. The Olsens repeatedly threatened to file legal actions against defendants when they were unsatisfied with a proposed meeting time or place, and they claim that defendants failed to provide them with an unbiased administrative hearing with respect to their grievances. Their complaint listed over thirty causes of action against defendants, including violations of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution; Title VII; the

-3-

Racketeering, Influencing and Corrupt Organizations Act (RICO); the Rehabilitation Act of 1973; the Administrative Procedures Act; the Americans with Disability Act (ADA); the Social Security Act; the New Mexico Constitution and Bylaws; and the Equal Access to Justice Act. They also asserted claims for breach of contract; breach of the duty of good faith and fair dealing; interference with pending civil actions; abuse of process; interference with prospective business advantage; loss of consortium; defamation; slander; violation of court orders; malpractice; malfeasance; and unconscionability. Their complaint made no attempt to link any of their factual allegations to any of their causes of action.

The defendants filed their first motion to dismiss in April 2003, seeking dismissal of the constitutional claims and ADA claims against the state agency and its employees, as these are barred by sovereign immunity under the Eleventh Amendment, and dismissal of the state tort claims, as these are barred by the Eleventh Amendment and the New Mexico Tort Claims Act. The Olsens failed to respond. The district court, ruling on the merits rather than on the Olsens' lack of response, granted that motion to dismiss on June 10, 2003. On June 16, 2003, the district court *sua sponte* dismissed the claims under 42 U.S.C. §§ 1981, 1985, 1986, 2000e-2, 2000e-5, RICO, and the First, Fourth, Fifth, Sixth and Eighth Amendments for failure to state a claim upon which relief could be granted under Fed. R. Civ. R. 12(b)(6). In July 2003, Tom Olsen filed a late opposition to the

April 2003 motion to dismiss, stating he had moved from New Mexico to California, where he had been hospitalized and had not received the motion or any of the court's orders. The district court treated this as a motion for reconsideration, and denied it. The case was reassigned to a different district court judge in September 2003.

In February 2004, the defendants filed their second motion to dismiss, detailing why they were entitled to dismissal of all the remaining claims. Because the Olsens had filed so many claims against so many parties, the motion was forty-three pages long, and attached a five-page chart outlining the different claims against the different defendants. Again, the Olsens did not file a response.

The district court scheduled a hearing on May 17, 2004, to consider the motion to dismiss. Three days before the scheduled hearing, the Olsens filed a untimely response, three months late, again claiming that Tom Olsen's hospitalization had prevented them from receiving notice of defendants' motion or the court's order. The Olsens' late response did not address any of the legal issues raised in defendants' motion to dismiss, and provided no factual or legal argument as to why it should not be granted. Rather, the Olsens "elect[ed] to stand on their complaint . . . without responding to the excess verbiage" of the defendants' motion to dismiss. R. Doc. 30, at 4. The district court reset the hearing for July 13, 2004.

The Olsens failed to appear at that hearing. The district court had permitted them to appear telephonically, and repeatedly sought to contact them by phone beginning one hour before the hearing, but never received any response. The district court conducted a one-hour hearing, questioning counsel for defendants as to each claim. The court then dismissed all of the remaining claims, based on the reasoning given in the record at the hearing. This appeal followed.

In a four-page opening brief, the Olsens claim error generally in the district court's ruling, arguing that it dismissed their claims without legal cause. They do not, however, articulate any factual or legal argument in support of their general, and in large part indecipherable, statements. They offer no authority or cognizable legal argument for reversing the district court's judgment. Rather than pointing to any specific legal error or making any specific objection to any particular ruling or issue, the Olsens simply ask this court whether the district court had legal cause to dismiss the case and whether the defendants followed the law. [1]

_____

[1]    The Olsens filed a five-page reply brief that raised two arguments for the first time. "This court does not ordinarily review issues raised for the first time in a reply brief." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000); *see also State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n. 7 (10th Cir. 1994) (failing to raise issue in opening brief waives that issue). The Olsens first contend that all of defendants' arguments in support of the district court's rulings

(continued...)

This court has held that reasoned arguments must be presented addressing grounds for appeal. *See United States v. Kunzman*, 54 F.3d 1522, 1534 (10th Cir. 1995). Moreover, the party challenging the district court's judgment must support his argument with legal argument or authority. *See* Fed. R. App. 28(a); *Phillips v. Calhoun*, 956 F.2d 949, 953 (10th Cir. 1992). Although this court is obligated to construe *pro se* pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we "will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues," *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991), and we need not address an issue that has been inadequately developed or argued on appeal, *see Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (holding that perfunctory complaints of error that fail to develop an issue are insufficient to invoke appellate review). Even a *pro se* appellant must clearly apprise the court why he believes a reversible error has been made and make an argument with authority supporting such a belief.

---

[1](...continued)
were presented to this court for the first time on appeal. That assertion is simply inaccurate, as all of defendants' arguments were presented in their motions to dismiss. Second, the Olsens contend the district court failed to give any reasoning for its rulings. To the contrary, the district court's first two orders of dismissals provided detailed reasons for those rulings, and its final order of dismissal referred to the detailed reasons it gave for dismissing each claim at the hearing, a transcript of which is included in the record on appeal.

None of the Olsens' statements in their opening brief constitute adequate argument challenging the detailed findings and conclusions of the district court. Therefore, in light of lack of anything even approaching reasoned argument or legal authority, the judgment of the district court is AFFIRMED. *See United States v. Hardwell*, 80 F.3d 1471, 1492 (10th Cir. 1996).

## II.

This is not the first time the Olsens have filed an appeal in this court that lacks merit. The Olsens have filed numerous jurisdictionally defective or meritless appeals in this court against a variety of other parties. *See Olsen v. Quality Continuum Hospice, Inc*., No. 04-2073 (10th Cir. Oct. 14, 2004) (dismissed for lack of jurisdiction for untimely notice of appeal); *Olsen v. Mapes*, No. 04-2082 (10th Cir. Jul. 8, 2004) (appeal dismissed for lack of prosecution pursuant to 10th Cir. R. 42.1); *Olsen v. Aebersold*, Nos. 01-2366 and 02-2288, 71 Fed. Appx. 7, 9 (10th Cir. Jul. 11, 2003) (vacating district court's merits-dismissal because Olsens' claim was so insubstantial, implausible and devoid of merit that lower court lacked subject-matter jurisdiction for lack of a federal controversy); *Olsen v. United States Department of Labor*, Nos. 01-9519, 01-9540, 02-9529 (10th Cir. May 21, 2002) (three petitions for review transferred to Ninth Circuit based on lack of jurisdiction in this court); *Olsen v. Triple A Machine Shop, Inc.*, No. 01-2275 (10th Cir. Jan. 8, 2002) (affirming dismissal for

lack of subject-matter jurisdiction, and noting Olsens' argument on appeal was without merit).

Further, the Ninth Circuit has imposed filing restrictions on the Olsens because of their history of filing repetitious and frivolous appeals. R. Doc. 34, Ex. A and B (attaching copies of two orders: *In re Olsen*, No. 04-8007 (9th Cir. Mar. 22, 2004) (unpublished order imposing filing restriction) and (9th Cir. Feb. 5, 2004) (unpublished order to show cause)). The Ninth Circuit prohibited the Olsens from filing any *pro se* appeals in that court after finding that they had filed nineteen meritless appeals in that court, nine of which had been dismissed for lack of jurisdiction and three of which had been dismissed for failure to prosecute. *See id.*

The Olsens' filings in this case have been frivolous, abusive, and vexatious. They asserted over thirty claims against a dozen state defendants and a state agency. To answer their complaint, the defendants were forced to prepare detailed and time-consuming motions and pleadings and to attend a court hearing. Yet throughout the legal proceedings that they instigated, the Olsens have never made any attempt to justify or prosecute their lawsuit in either the district court or this court. Indeed, they failed to file a timely response to every motion in the district court and failed to appear telephonically at the court-ordered hearing.

This court "has the inherent power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and deter . . . frivolous filings." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986); *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987). If "a party 'has engaged in a pattern of litigation activity which is manifestly abusive,' restrictions are appropriate," including an order enjoining a litigant from filing any *pro se* claims without first seeking prior leave of the court. *Winslow v. Homer (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (*quoting Johnson v. Cowley*, 872 F.2d 342, 344 (10th Cir. 1989)); *see also Werner v. State of Utah*, 32 F.3d 1446, 1447-48 (10th Cir. 1994); *Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992). The "'right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" *Winslow*, 17 F.3d at 315 (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)).

The Court concludes that this appeal and others filed by the Olsens, as detailed above, have been groundless, abusive, and vexatious. We therefore inform the Olsens that we may impose restrictions on their filings in this court using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings. *See Werner*, 32 F.3d at 1448-49; 28 U.S.C. § 1651. Accordingly, we order the Olsens to show cause, within twenty days of the date of

-10-

this order and judgment, why they should not be barred from filing any future civil appeals in this court unless they are represented by a licensed attorney or first obtain permission from this court to proceed *pro se*.

The judgment of the district court is AFFIRMED. The Olsens' request for summary reversal is DENIED. The Olsens are ORDERED to SHOW CAUSE why they should not be subject to prospective filing restrictions. The mandate shall issue forthwith.

Entered for the Court


John C. Porfilio
Circuit Judge

-11-