F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

NAOMI OLSEN; TOM OLSEN,

       Plaintiffs-Appellants,

  v.

WILLIAM AEBERSOLD, individually
and doing business as Gable
Properties; MIKE MORGAN, doing
business as agent/employee/other for
William Aebersold; FARMERS
INSURANCE GROUP; ROBERT
BABCOCK, individually and as an
agent/employee/other and/or business
partner and/or associate of Ann Kantor
and/or Albert O. Engel; ANN
KANTOR, individually and as an
agent/employee/other and/or business
partner and/or associate of Robert
Babcock and/or Albert O. Engel;
ALBERT ENGEL, individually and as
an agent/employee/other and/or
business partner and/or associate of
Robert Babcock and/or Ann Kantor,
doing business as Triple A Machine
Shop, Inc., a California corporation,

       Defendants,

  and

FIRE INSURANCE EXCHANGE,

       Defendant-Appellee.

Nos. 03-2230 & 03-2238
(D.C. No. CIV-01-762 PJK/DJS)
(D. N.M.)

## ORDER AND JUDGMENT [*]

Before **HENRY, ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs Naomi Olsen and Tom Olsen, proceeding pro se, challenge the district court's order granting the motion for attorney fees filed by Fire Insurance Exchange, the sole appellee in this action. [1] The district court awarded defendant-appellee $2,721.50 pursuant to 42 U.S.C. § 1988. We affirm.

*Background*

Plaintiffs have filed several lawsuits arising from the rental of a home in California that was contaminated with mold and fungus. In this case, they sued under 42 U.S.C. § 1983, alleging that the defendants violated their civil rights.

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]      Even though plaintiffs filed two notices of appeal, resulting in two appellate case numbers, their appeal is from only one district court judgment.

The district court afforded plaintiff's complaint a liberal construction, and dismissed the case on the ground that plaintiffs failed to state a federal claim on which relief may be granted. In a prior appeal, a panel of this court determined that plaintiffs' claims were too insubstantial to invoke the jurisdiction of the federal court because plaintiffs "did not identify a federal right that defendants invaded, nor did they allege facts showing that defendants acted under color of state law." *Olsen v. Aebersold*, 71 Fed. Appx. 7, 9 (10th Cir. 2003). Accordingly, the case was remanded with directions for the district court to dismiss it without prejudice for lack of subject-matter jurisdiction. *Id.* at 10. The district court was also directed to reconsider the attorney-fee award on remand, specifically, whether the dismissal on the merits for lack of jurisdiction divested the federal district court of jurisdiction to award attorney fees to defendant. *Id.*

On remand, the district court determined that federal subject-matter jurisdiction lies to award attorney fees under § 1988, even though jurisdiction over the merits is lacking. The court then found plaintiffs' claims meritless under the applicable standard, and awarded attorney fees to defendant.

Plaintiffs appeal, arguing that they did not receive defendant's motion for attorney fees, and that the attorney-fee award should be vacated because they were acting in good faith when they filed the underlying lawsuit.

*Motion to Dismiss*

Defendant filed a motion to dismiss this appeal. The grounds for the motion pertain to the merits of the appeal, rather than to appellate jurisdiction or any ground listed in 10th Cir. R. 27.2(A)(1) (listing types of dispositive motions a party may file). Consequently, the motion to dismiss is denied.

*Jurisdiction*

After the remand in this case and after the district court issued its post-remand order awarding defendant its attorney fees, this court resolved the jurisdictional issue presented here. In *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1056-58 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 2964 (2005), this court held that a federal court has subject-matter jurisdiction over a request for attorney fees even in the absence of subject-matter jurisdiction over the underlying claim. Accordingly, we proceed to the merits.

*Merits*

"We review both the court's decision to award attorney's fees and the reasonableness of the amount awarded for an abuse of discretion." *Houston v. Norton*, 215 F.3d 1172, 1174 (10th Cir. 2000). We review the district court's findings of fact for clear error, and its legal conclusions, including the interpretation of statutes, de novo. *Id.* In this case, however, plaintiffs have not challenged the amount awarded, either in the district court or this court, so we

-4-

review only the decision to award attorney fees. *See Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1280 (10th Cir. 2003) (stating arguments not presented to district court generally will not be considered on appeal); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (stating failure to raise an issue in opening brief waives the issue).

A prevailing party in a civil rights suit may recover attorney fees. 42 U.S.C. § 1988(b). "[A] prevailing defendant in a civil rights action may recover attorney fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000) (quotations omitted). Although this is a demanding standard, *id.*, and it is rare for attorney fees to be assessed against a pro se plaintiff in a § 1983 action, a district court has discretion to do so, *see Houston*, 215 F.3d at 1174. "*Pro se* petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations – filing fees and attorney's fees – that deter other litigants from filing frivolous petitions." *In re Anderson*, 511 U.S. 364, 365 (1994) (quoting *In re Sindram*, 498 U.S. 177, 179-80 (1991)). Attorney fees are not available against a pro se litigant unless the action is "meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

The district court held that the circumstances of this case met the demanding standard for imposing attorney fees on a pro se civil rights plaintiff. The court found that plaintiffs had filed several federal lawsuits, all of which involved jurisdictional challenges. *See* R. doc. 48, at 6 & n.1. The court also found that plaintiffs had failed to consider the necessary element of federal jurisdiction in this case. Indeed, the court had previously identified deficiencies in the complaint under Fed. R. Civ. P. 8(a), which requires a party to include in his complaint a "statement of the grounds upon which the court's jurisdiction depends." Plaintiffs maintain that they acted in good faith, but they offer no argument or authority to refute the district court's findings. We see no error in the district court's determination that plaintiffs' claims of federal jurisdiction were sufficiently groundless or without foundation to be meritless under the standards set forth above. Consequently, we conclude that the district court did not abuse its discretion in awarding defendant its attorney fees. [2]

---

[2]    We decline to reverse the district court's award of attorney fees on the ground that plaintiffs now claim that they did not receive the motion for attorney fees. Defendant filed its attorney-fee motion on the same date it filed a motion for costs. R. docs. 40, 41, 42, & 43. Plaintiffs claim they received neither motion, yet they admit they reviewed the costs motion. Moreover, they made no attempt to rectify this alleged error in the district court.

Defendant's motion to dismiss the appeal is denied.  The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


Robert H. Henry
Circuit Judge