FILED
United States Court of Appeals
Tenth Circuit

June 24, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES H. WESTON,

      Plaintiff - Appellant,

v.

PHILLIP K. SMITH, Attorney,

      Defendant - Appellee,

DANIEL S. CUNNINGHAM, CPA,

      Defendant.

No. 10-5010

(N.D. Oklahoma)

(D.C. No. 4:08-CV-00490-GKF-TLW)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff and appellant, James H. Weston, appeals an award of attorney's fees entered against Mr. Weston, in favor of his one-time attorney, defendant and appellee Phillip K. Smith. We affirm.

## BACKGROUND

This appeal arises out of state court litigation concerning a dispute between Mr. Weston and his son (not a party to this appeal) over the ownership of a business, A & H Machinery. Prior to the state court litigation, Mr. Smith, an attorney, represented Mr. Weston in the transfer of ownership of the business. Defendant Daniel S. Cunningham, an accountant (who has not entered an appearance in this appeal) provided tax services for the business.

Apparently dissatisfied with the outcome of the state court litigation, Mr. Weston filed the instant 42 U.S.C. § 1983 action, alleging numerous claims against Mr. Smith and Mr. Cunningham, including that both gentlemen had offered perjured testimony in the state court case, as well as assertions of breach of fiduciary duty, fraud, violations of constitutional rights, and violations of the rules of professional conduct. On April 13, 2009, the district court issued an order dismissing the case for lack of subject matter jurisdiction, ruling that Mr. Weston's claims were barred by the Rooker-Feldman doctrine, or, alternatively, by the applicable two-year statute of limitations.

Mr. Smith then filed a motion for attorney's fees. Mr. Weston apparently did not respond to the motion and, on June 23, 2009, the magistrate judge recommended that Mr. Smith be awarded his attorney's fees and informed the parties that a failure to file timely and specific objections to the magistrate judge's recommendation would waive appellate review. On January 27, 2010, after considering Mr. Weston's objections, the district court adopted the magistrate judge's recommendations and awarded attorney's fees to Mr. Smith in the amount of $15,360. Mr. Weston appeals.[1]

We note initially that Mr. Weston's notice of appeal indicates that he is only appealing the district court's January 27, 2010, attorney's fee order. His opening brief, however, purports to also appeal the district court's April 13, 2009, dismissal for lack of subject matter jurisdiction.[2] We confine our discussion to the January 27 order, in part because his appeal from the April 13 order is untimely. See n. 2.

---

[1]As indicated, Mr. Cunningham is not involved in this appeal.

[2]Because no Rule 58 separate judgment was entered, the time to appeal the April 13, 2009, order did not begin to run until 150 days had elapsed (approximately September 10, 2009). See Fed. R. Civ. P. 58(c)(2)(B). Then, pursuant to Fed. R. Civ. P. 4(a)(1)(A), Mr. Weston had 30 days for appeal, which means his appeal was due on approximately October 13, 2009. Mr. Weston's appeal was not filed, however, until February 4, 2010.

## DISCUSSION

The magistrate judge to whom the motion for attorney's fees was referred held that Mr. Smith was entitled to an award of $15,360.00, pursuant to 42 U.S.C. § 1988. As the judge noted, section 1988 allows the court to award attorney's fees to the prevailing party in any action or proceeding to enforce a provision of section 1983. Mr. Smith was, however, a prevailing *defendant*. Under section 1988, "a prevailing defendant may recover an attorney's fee award only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." Houston v. Norton, 215 F.3d 1172, 1175 (10th Cir. 2000) (quoting Henley v. Eckenhart, 461 U.S. 424, 429 n.2 (1983 )). Further, when the plaintiff is *pro se*, an attorney's fee award in favor of the defendant is even more rare. See Olsen v. Aebersold, 149 Fed. Appx. 750, 751 (10th Cir. 2005). In deciding to award fees to a prevailing defendant, the court "should consider the pro se plaintiff's ability to recognize the objective merit of his or her claim." Houston, 215 F.3d at 1175.

The magistrate judge explained clearly and succinctly why, in the circumstances of this case, Mr. Smith was entitled to an award of attorney's fees, and it further explained why the amount awarded was appropriate. We agree with that analysis.

The district court, in turn, considered Mr. Weston's objections to the magistrate judge's report and recommendation and explained why they lacked merit, and then it adopted the report and recommendation and granted the fee

calculated by the magistrate judge. We affirm that decision, for substantially the reasons stated in the magistrate judge's report and recommendation, as adopted by the district court.

## CONCLUSION

For the foregoing reasons, we AFFIRM the order of the district court.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge